**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANNE GILL, | ) | |
| | ) | CASE NO. 1:15CV58 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Joanne Gill ("Gill") challenges the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), denying Gill's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

## I.  Procedural History

On December 5, 2011, Gill filed an application for SSI alleging a disability onset date of January 1, 2006, claiming she was disabled due to depression, high blood pressure, anxiety

disorder, paranoia, leg injury, and schizophrenia.  (Tr. 16, 176.)   Her application was denied

both initially and upon reconsideration.  (Tr. 16.)  Gill timely requested an administrative

hearing.

On May 14, 2013, an Administrative Law Judge ("ALJ") held a hearing during which

Gill, represented by counsel, and an impartial vocational expert ("VE") testified.  (Tr. 16.)  On

July 24, 2013, the ALJ found Gill was able to perform a significant number of jobs in the

national economy and, therefore, was not disabled.  (Tr. 26.)  The ALJ's decision became final

when the Appeals Council denied further review.  (Tr. 1-4.)

## II.  Evidence

*Personal and Vocational Evidence*

Age forty-two (42) at the time of her administrative hearing, Gill is a "younger" person

under social security regulations.  *See* 20 C.F.R. § 416.963(c).  Gill has a limited education and

past relevant work as a hair stylist.  (Tr. 25.)

*Relevant Hearing Testimony*

The VE testified Gill had past relevant work as a hairstylist or cosmetologist, Dictionary

of Occupational Titles ("DOT") § 332.271-010, which is skilled or semi-skilled and performed at

the light exertional level.  (Tr. 77.)  The ALJ then posed the following hypothetical:

> [A]ssuming somebody of the claimant's age, education, and work experience,
> who is able to perform work at a light level; lifting up to 20 pounds occasionally
> and up to 10 pounds frequently; standing and/or walking for up to six hours and
> sitting for up to six hours in an eight-hour workday with normal breaks;
> occasionally climbing ramps and stairs; never climbing ladders, ropes or
> scaffolds; occasionally balancing, stooping, kneeling, crouching and crawling . .
> .limited to occasional use of foot controls with the bilateral . . .lower extremities.
> Avoid all exposure to hazardous machinery and unprotected heights; limited to
> non-complex tasks such as tasks that can be learned within 30 days; limited to

2

> low-stress tasks such as tasks that do not require high production quotas or strict time requirements, work that's paid at a piece rate or work that involves arbitration, negotiation or confrontation; and limited to superficial interaction with co-workers and the public such as interaction which is of a brief duration and for a specific purpose.

(Tr. at 79-81.)  The VE testified such an individual would not be able to perform Gill's past relevant work, but would be able to perform other jobs in the regional or national economy. Specifically, the VE testified that such an individual could perform the jobs of custodian (light, unskilled), DOT § 323.687-014; office clerk (light, unskilled), DOT § 239.567-010; and, dishwasher (light, unskilled), DOT § 316.684-014.  (Tr. 81-82.)

The ALJ then posed a second hypothetical:

> And number 2 is the same as number 1, but instead of at light it's going to be at sedentary level; lifting up to ten pounds occasionally and standing and walking for up to two hours and sitting up to six hours in an eight-hour workday with normal breaks, but then the remainder of those limitations I gave you.

(Tr. 82.)  The VE testified such an individual could perform the jobs of office clerk (sedentary, unskilled) and inspector (sedentary, unskilled).  (Tr. 82.)

Gill's counsel then asked the VE to describe the physical demands of the custodian job. The VE testified the job would involve some vacuuming and dusting, and would require the individual to be on his or her feet, walking around, for six hours per day, and lifting twenty pounds occasionally and ten pounds frequently.  (Tr. 83.)  Next Gill's counsel asked if the office clerk job would require "some degree of ability to deal with ongoing tasks."  (Tr. 84.)  The VE testified that the individual would have to be "on task."  *Id.*  In response to counsel's questions, the VE stated that an individual who was off task forty percent of the time would be unable to find work.  *Id.*

3

With respect to the inspector position, Gill's counsel asked if the job required "a clear concept of the matter at hand" and would demand that an individual recognize "an item for packaging that has to meet a certain standard and that standard has got to be closely met to be within a tolerance."  (Tr. at 84-85.)  The VE responded:

> In these jobs that would not be accurate.  These are the kind of jobs where an individual, let's say, is seated at a bottle line and bottles are going by and if there's one that's broken or doesn't have a cap on it, they just remove it.  So there's not as much of a detailedness [sic] that you're referring to where a person might have to use gauges or micrometers or those kinds of instruments. . .This is just visual and if you see a flaw in    it could be a food belt inspector, see a, you know, rotten potato or a rotten apple, you'd pull it off the line.

(Tr. 85.)

## II.  Standard for Disability

A disabled claimant may be entitled to receive SSI benefits.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981).  To receive SSI benefits, a claimant must meet certain income and resource limitations.  20 C.F.R. §§ 416.1100 and 416.1201.  The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity."  Second, the claimant must suffer from a "severe impairment."  A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities."  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled.

4

For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

### IV.  Summary of Commissioner's Decision

The ALJ found Gill established medically determinable, severe impairments, due to dysfunction of the joints with status-post knee injuries, depressive disorder, anxiety with panic attacks, post-traumatic stress disorder, and substance abuse disorder.  (Tr. 18.)  However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  (Tr. 19.)  Gill was found incapable of performing her past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work.  (Tr. 20, 24.)  The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Gill was not disabled.  (Tr. 25-26.)

### V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied.  *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and*

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996);

6

*accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  Analysis

As a general matter, the Court notes that Plaintiff's Brief fails to clearly delineate the claims raised and veers from one to another without transition or conclusion.  Most arguments are poorly developed, some without any citation to law.  In the interest of justice, the Court will attempt to address the arguments raised.  Nevertheless, it is not this Court's function to develop an argument on Plaintiff's behalf.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006).

### *Listings 1.02, 12.04, and 12.06*

Gill asserts the ALJ erred by finding that she did not meet or medically equal Listing 1.02, 12.04, or 12.06.  (ECF No. 13 at 3-10.)  At the outset, the Court notes that it is not altogether clear whether Gill is arguing that the ALJ failed to sufficiently *explain* the reasons for finding these listings were not met *or* whether she is challenging the ALJ's step three finding as

unsupported by substantial evidence.[1]

At step three, the burden of proof for establishing that an impairment meets or equals the requirements of a listing rests with the claimant.  *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).  To meet a listed impairment, a claimant must satisfy **all** of the criteria in the listing.  *See Roby v. Comm'r of Soc. Sec.*, 48 Fed. App'x 532, 536 (6th Cir. 2002) (*citing Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987)).  An ALJ must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment. *See Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 3-4 (6th Cir. April 1, 2011); *Hunter v. Comm'r of Soc. Sec.*, 2011 WL 6440762 at * 3-4 (N.D. Ohio Dec. 20, 2011).  In order to conduct a meaningful review, the ALJ must make sufficiently clear the reasons for his decision.  *See Reynolds,* 2011 WL 1228165 at * 4-5;  *Marok v. Astrue*, 2010 WL 2294056 at *3 (N.D. Ohio Jun. 3, 2010); *Waller v. Comm'r of Soc. Sec.*, 2012 WL 6771844 at * 3 (N.D. Ohio Dec. 7, 2012); *Keyes v. Astrue*, 2012 WL 832576 at * 5-6 (N.D. Ohio March 12, 2012).

The ALJ, in addressing whether Gill met or equaled the aforementioned listings, provided the following explanation for his conclusion that Gill's impairments, either individually or in combination, did not meet or medically equal one of these Listings:

> The undersigned has carefully considered the claimant's impairments under listings 1.02, 4.02, 12.04, 12.06, 12.08, and 12.09.  Doctors diagnosed the claimant with osteoarthritis of the right knee and questionable joint effusion with spurring of the left knee.  (Exhibits 3F/8; 6F/22). The impairments do not meet Listing 1.02 because

---

[1]  Though related, these are two distinct arguments. Gill's brief simply cites the requirements of the three listings identified, followed by a disorganized recitation of some of the evidence Gill deems relevant.  (ECF No. 13 at 7-10.)  There is no meaningful attempt to tie the evidence together with each listing's specific requirements.  *Id*.

8

the claimant retains the ability to ambulate effectively without an assistive device. (Exhibits 3F/7 6F/41). As previously explained, the record references a history of congestive heart failure. However, there is no evidence that the condition causes any of the resulting symptoms found in listing 4.02.

The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, 12.08, and 12.09. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting at least two weeks.

In activities of daily living, the claimant has mild restriction. She reported having difficulty taking baths but is able to maintain the rest of her personal hygiene. (Exhibit 4E/5). She watches her grandchildren and, as recently as 2012, cared for other children from the neighborhood. The claimant testified that she prepares meals, washed laundry, shops in stores, and is able to drive. (Exhibit 4E/6). Her testimony also reveals that she is able to take the bus, braid hair for family members, friends, and neighbors for pay, listen to music, and is able to use a computer.

In social functioning, the claimant has moderate difficulties. She reported becoming agitated around other people, and mental health records revealed she alleges that she hears voices. (Exhibits 4E/9; 2F/25; 3F/74). Despite complaints that she has difficulty being around other people, the claimant has relationships with family members, communicates with medical professionals, and interacts with people while shopping, using public transportation, and styling hair.

With regard to concentration, persistence or pace, the claimant has no more than moderate difficulties. She alleged that her attention span is reduced to 30 minutes. (Exhibit 4E/9). Moderating this impairment, the claimant retains sufficient concentration to style and braid hair, and watch her grandchildren throughout the day. She also testified that she enjoys listening to music and using a computer, all of which require concentration. She also has sufficient concentration, persistence and pace to drive.

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration.

9

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated episodes of decompensation , each of extended duration, the "paragraph B" criteria are not satisfied.

The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria for listing 12.04. The claimant has not experienced repeated episodes of decompensation, a disease that would cause decompensation, or an inability to function outside a highly supportive living arrangement. The "paragraph C" criteria for listing 12.06 is not met because the claimant has demonstrated an ability to function independently outside of her home.  She goes to the store and medical appointments on public transportation. (Exhibit 4E/5).  Listings 12.08 and 12.09 do not have "paragraph C" criteria.

(Tr. 19-20.)

It is important to observe that there is no "heightened articulation standard" in considering the listing of impairments; rather, the court considers whether substantial evidence supports the ALJ's findings.  *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 411 (6th Cir. 2006); *accord Osborne v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 113937 (N.D. Ohio Aug. 15, 2014); *Snoke v. Astrue*, 2012 U.S. Dist. LEXIS 21930, 2012 WL 568986, at *6 (S.D. Ohio 2012).

[T]o date, no published Sixth Circuit case requires an ALJ to articulate in any particular detail the manner in which a claimant failed to meet or equal a Listing. To the contrary, historically the Sixth Circuit has required only minimal articulation at Step 3 of the sequential analysis, *see Price v. Heckler*, 767 F.2d 281, 284 (6th Cir. 1985); *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 412 (6th Cir. 2006) (stating in a case where obesity was not severe, that "[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p, 2002 SSR LEXIS 1 offers any particular procedural mode of analysis for obese disability claimants.")  So long as the ALJ's decision as a whole articulates the basis for his or her conclusion, the decision may be affirmed.  *See Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985).

*Clemmons v. Astrue*, 2012 U.S. Dist. LEXIS 8650 (S.D. Ohio Jan. 25, 2012); *accord Griffin v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 74016 (S.D. Ohio May 30, 2014).  Gill has not identified any deficiency in the ALJ's explanation as to why she failed to meet or equal the

10

listings.

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing."  20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3).  A claimant must satisfy all of the criteria to "meet" the listing.  *Id*.  *See also Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009).  However, a claimant is also disabled if her impairment is the medical equivalent of a listing, 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5), which means it is "at least equal in severity and duration to the criteria of any listed impairment."  20 C.F.R. §§ 404.1526(a), 416.926(a).

Gill's step three argument is not entirely clear, as she merely sets forth the requirements of the three mentioned listings (ECF No. 13 at 3-6) followed by a recitation of some of the medical record and her own hearing testimony.  (ECF No. 13 at 7-9.)  As to Listing 1.02, Gill cites no objective medical evidence supporting a finding that she is unable to ambulate effectively.  (ECF No. 13 at 7-9.)  Gill next argues the ALJ erred in failing to find that she met or equaled the requirements of Listings 12.04 and 12.06.  Again, Gill fails to articulate why the ALJ's decision is erroneous with respect to these listings and also fails to tie any of the evidence cited to the specific requirements of the listings.  As pointed out by the Commissioner, Gill makes no real attempt to explain how the evidence supports a finding that the "B" criteria of the listings was satisfied.  (ECF No. 14 at 9.)

Even assuming for the sake of argument that the evidence cited in Gill's brief is *capable* of supporting a conclusion that she met or equaled one of the listings, such a finding would be immaterial under the substantial evidence standard.  An administrative decision is not subject to reversal merely because substantial evidence could have supported such findings or because Gill

11

proffers a different interpretation of the evidence.  "This argument obviously ignores the standard of review by which [courts] are bound.  If substantial evidence supports the ALJ's findings, [a court] must affirm the resulting conclusion, even if [the court] would have decided the matter differently in the first instance."  *Isaac v. Sec'y of Health & Human Servs.*, 110 F.3d 64, 1997 U.S. App. LEXIS 11126 (6ᵗʰ Cir. 1997).  In other words, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6ᵗʰ Cir. 2003) (*quoting Key v. Callahan*, 109 F .3d 270, 273 (6ᵗʰ Cir.1997)).

Notably, Gill does not argue the lack of evidence capable of supporting the ALJ's findings.  To the contrary, there is sufficient evidence supporting the ALJ's step three findings.  On August 20, 2012, State Agency medical consultant Karen Steiger, Ph. D., opined that listings 12.04 and 12.06 were not satisfied, and specifically found that Gill had no more than moderate difficulties with the "B" criteria.  (Tr. 106-107.)  On August 28, 2012, State Agency doctor Lynne Torello, M.D., indicated that "medical records show [Gill] walking with a normal gait and that she retains the ability to stand and walk to do her [activities of daily living]."  (Tr. 108-109.)  Dr. Torello further opined that Gill could stand/walk for six hours in an eight-hour workday.  *Id.*  This latter opinion certainly supports the ALJ's finding that Gill retained the ability to ambulate effectively without an assistive device, while the former provides a factual basis for the ALJ's "B" criteria finding.  The ALJ expressly ascribed significant weight to these State Agency opinions.  (Tr. 24.)

Absent contradictory opinions from a treating physician, an ALJ's decision is supported by substantial evidence where it was consistent with the opinion of the state agency's evaluating

consultant.  *See, e.g., Lemke v. Comm'r of Soc. Sec.*, 380 Fed. App'x. 599, 601 (9th Cir. 2010) (finding that the ALJ's decision was supported by substantial evidence where it was consistent with the opinion of the state agency's evaluating psychological consultant, which was consistent with the other medical evidence in the record); *Filus v. Astrue*, 694 F.3d 863 (7th Cir. 2012) (finding that state agency physicians' opinions that a claimant did not meet or medically equal any listed impairment constituted substantial evidence supporting the ALJ's conclusion); *Clark v. Astrue*, 2011 U.S. Dist. LEXIS 100778, 2011 WL 4000872 (N.D. Tex. Sept. 8, 2011) (finding that state agency expert medical opinions "constitute substantial evidence to support the finding that plaintiff can perform a limited range of light work.").  The opinions of non-examining state agency medical consultants can, under certain circumstances, be given significant weight.  *See e.g. Black v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 140155, 2012 WL 4506018 at * 5 (N.D. Ohio Sept. 28, 2012); *Hart v. Astrue*, 2009 U.S. Dist. LEXIS 68315, 2009 WL 2485968 at * 8 (S.D. Ohio Aug. 5, 2009).  This occurs because non-examining sources are viewed "as highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the [Social Security] Act."  SSR 96-6p, 1996 SSR LEXIS 3, 1996 WL 374180.

Gill asks the "court to diligently review the entire record" and conclude that she qualifies for disability.  (ECF No. 13 at 12.)  However, a reviewing court, like this one, does not conduct a *de novo* review, resolve conflicts in the evidence, or decide questions of credibility.  *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984); *Rogers v. Astrue*, 2012 U.S. Dist. LEXIS 24712, 2012 WL 639473 (E.D. Ky. Feb. 27, 2012).

Finally, Gill contends that the ALJ erred because he failed to consider her impairments in combination, but again fails to elaborate or offer any analysis for this conclusory assertion. (ECF No. 13 at 11.) The Sixth Circuit has found that an ALJ's individual discussion of multiple impairments does not imply that the ALJ failed to consider the effects of the impairments in combination when it is clear the ALJ considered the totality of the record. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir.1987) (finding that, although the decision discussed each element of the record individually, the ALJ did not fail to consider the combined effect of a claimant's impairments where he referred to a "combination of impairments" in deciding the claimant did not meet the listings; referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work; noted the decision was made after careful consideration of the "entire record;" and, discussed all of the claimant's impairments in the decision). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.*; *accord Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 931 (6th Cir. 2007) ("That the ALJ may have discussed Despins' impairments individually 'hardly suggests that the totality of the record was not considered.'") *quoting Gooch v. Sec'y of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) ("An ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a "combination of impairments" in finding that the plaintiff does not meet the listings"); *Balkema v. Comm'r of Soc. Sec.*, 2011 WL 2601479 at * 3-4 (W.D.Mich. May 31, 2011); *Reynolds v. Comm'r of Soc. Sec.*, 2012 WL 6855375 at * 5-6 (N.D. Ohio Dec.6, 2012).

14

For the foregoing reasons, Gill's first assignment of error is without merit.

***Evidence Before the Appeals Council***

Gill's second argument centers on an opinion from her treating physician, Jyoti Aneja, M.D., which post-dates the ALJ's decision by several months. (ECF No. 13 at 10-12.) Dr. Aneja's opinion was written on September 6, 2013, whereas the hearing decision was rendered on July 24, 2013. (Tr. 5, 26.) Dr. Aneja's brief letter states that Gill has been under her care since July of 2012; that her primary diagnosis is major depression; that she is experiencing financial stressors due to her unemployment and is dependent upon antidepressant medications; and, that Gill is unable to "get involved in any work related activity." (Tr. 5.) Gill takes issue with the Appeals Council's following determination:

> We also looked at a medical source statement from Jyoti Aneja, M.D. dated September 6, 2013. The Administrative Law Judge decided your case through July 24, 2013. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 24, 2013.

(Tr. 2.)

The Sixth Circuit has repeatedly held that "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *accord Cox v. Comm'r of Soc. Sec.*, 615 Fed. App'x. 254, 261 (6th Cir. 2015) ("After the ALJ rendered her decision, Appellant submitted additional evidence from Dr. Tucker to the Appeals Council, including additional treatment notes and an opinion regarding Appellant's limitations. A court cannot consider such a belated submission when reviewing an ALJ's decision.") A district court can, however, remand the case for further administrative proceedings in light of such evidence, if a

15

claimant shows that the evidence satisfies the standard set forth in sentence six of 42 U.S.C. § 405(g). *Id.* *See also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Lee v. Comm'r of Soc. Sec.*, 529 Fed. Appx. 706, 717 (6th Cir. July 9, 2013) (stating that "we view newly submitted evidence only to determine whether it meets the requirements for sentence-six remand").

Gill cites no law or regulation suggesting that the Appeals' Council's decision was erroneous. She has also not requested a sentence six remand. "Sentence six of 42 U.S.C. § 405(g) allows a remand to develop additional evidence in the record, 'but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.'" *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "Material evidence is evidence that would likely change the Commissioner's decision." *Id.* (*citing Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)); *see also Courter v. Comm'r of Soc. Sec.*, 2012 WL 1592750 at * 11 (6th Cir. May 7, 2012). Dr. Aneja's post-hearing opinion contains little in the way of medical opinions, but does essentially opine that Gill cannot work. (Tr. 5.) An ALJ is not bound by conclusory statements of a treating physician maintaining a claimant is disabled. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986); *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984). "Opinions on some issues, such as [opinions that you are disabled or unable to work], are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case ..." 20 C.F.R. § 416.927(d). Because Dr. Aneja's opinion that Gill could not work is not a medical opinion

16

entitled to the benefit of the treating physician rule, the Court cannot find that it would likely change the Commissioner's decision.

As such, the Court finds Gill's unexplained complaints concerning the Appeals Council's decision to be without merit.

***Evaluation of the Opinion Evidence***

Gill next argues that the ALJ discounted the opinion of a treating source, Jyoti Aneja, M.D., as well as the opinion of a social worker, Christine J. Lamp, MSSA, LISW-S.[2]  (ECF No. 13 at 14-15.)

With respect to Dr. Aneja, Gill's argument fails because it appears to rely upon Dr. Aneja's post-hearing letter from September 2013 opining that Gill could not work.  As discussed above, this evidence was not before the ALJ and may not be considered herein.  As to Ms. Lamp, the Court assumes Gill is referring to her June 7, 2010 opinion wherein she stated that "[a]lthough client would like to have a job she is unable to work due to her psychiatric problems."  (Tr. 329.) The ALJ addressed Ms. Lamp's opinion as follows:

> The undersigned has considered the weight to give non-acceptable medical sources under SSR 06-3p.  Social worker Ms. Lamp receives little weight for her opinion that the claimant is unable to work due to psychiatric problems.  (Exhibit 2F/27).  The opinion was provided in June 2010, after which the claimant admitted that she served as a hairstylist.  Additionally, the claimant stopped pursuing treatment shortly after the opinion was given and waited over a year to resume care.  (Exhibit 6F/10).  This opinion is also not supported by the claimant's functioning in activities of daily living.

---

[2]  Gill also takes issue with ALJ's assessment of consultative examiner  Dr. House, but fails to argue any legal error with respect to the ALJ's treatment of that opinion.  As best as this Court can understand, Gill appears to challenge the ALJ's reliance on Dr. House's opinion to discredit Dr. Aneja.  (ECF No. 13 at 14-15.)  As such, any independent argument in relation to the weight the ALJ ascribed to Dr. House's opinion is deemed waived.

(Tr. 24.)

A social worker is not an "acceptable medical source."  *See* 20 C.F.R. § 416.913(a), (d);

*Payne v. Comm'r of Soc. Sec.*, 402 Fed. App'x. 109, 119 (6th Cir. 2010) ("[S]ocial workers are

not acceptable medical sources under social security regulations."); *Gustafson v. Comm'r of Soc.*

*Sec.*, 2013 U.S. Dist. LEXIS 35828, 2013 WL 782864 at * 7 (W.D. Mich. Jan. 28, 2013).  The

opinion of a social worker is not entitled to any particular weight.  *See Hayes v. Comm'r of Soc.*

*Sec.*, 2011 U.S. Dist. LEXIS 71723, 2011 WL 2633945, at *6 (W.D. Mich. June 15, 2011)

(collecting cases); *Gustafson*, 2013 U.S. Dist. LEXIS 35828, 2013 WL 782864 at * 7.

As a social worker, Ms. Lamp's opinions regarding Gill's mental condition did not

constitute the opinion of an acceptable medical source subject to controlling weight, 20 C.F.R. §

416.927(c)(2), but rather the opinion of an "other source."  *See* 20 C.F.R. §416.913(d)(3) (the

Commissioner *may* use evidence from other sources to show the severity of a claimant's

impairment and how it affects the claimant's ability to do work).  As explained by the Sixth

Circuit Court of Appeals, "[a]n ALJ must consider other-source opinions and generally should

explain the weight given to opinions for these 'other sources.'  But other-source opinions are not

entitled to any special deference."  *Hill v. Comm'r of Soc. Sec.*, 2014 U.S. App. LEXIS 5848 (6th

Cir. 2014) (internal citations and quotation marks omitted).  The requirement that an ALJ

consider and explain the weight ascribed to an "other source" is not a demanding standard.  *See,*

*e.g., Washington v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 101172 (W.D. Mich. Apr. 1,

2014); *Davis-Gordy v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 140258 (W.D. Mich. Sept.

30, 2013).

The ALJ gave little weight to Ms. Lamp's opinion that Gill could not work due to her

mental problems. In addition to pointing out that Ms. Lamp was a non-acceptable source, the ALJ recognized that her opinion was offered during a time when Gill was not prescribed medication for her depression and anxiety. The ALJ further observed that Gill styled hair, cared for children, and displayed only mild restrictions in her activities of daily living after Lamp provided her opinion. Therefore, the ALJ provided a clear explanation for affording little weight to Ms. Lamp's opinion.

### Pain Complaints

In a confusing argument, Gill asserts that she is disabled due to pain. (ECF No. 13 at 12-14.) She avers that pain can be disabling for the purposes of social security benefits. *Id*. at 12. She asserts she meets the *Hand* test, based on a decision from the Eleventh Circuit Court of Appeals. *Id*. at 13 (*citing Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985)). Finally, Gill references SSR 96-7p, 1996 SSR LEXIS 4, which addresses how a claimant's credibility should be assessed. *Id*. at 14. Gill, however, fails to draw this Court's attention to any legal or procedural shortcomings in the ALJ's decision. The Court considers this "argument" waived, as it would require the Court to craft an argument on Gill's behalf. Moreover, the Court see no apparent deficiency in the ALJ's decision, as he engaged in a fairly thorough analysis of Gill's pain symptoms, specifically the pain in both of her knees. (Tr. 21-22.) The ALJ found that Gill's status-post knee injuries, right knee osteoarthritis, and left knee joint effusion could be expected to produce pain, but, after discussing some of the medical evidence, found that objective medical evidence did not support the extent of Gill's alleged pain. *Id*.

### VE Testimony

Finally, Gill appears to challenge the ALJ's finding at step five that she can perform a

significant number of jobs despite her limitations.  (ECF No. 13 at 15-17.)  Again, the arguments are not entirely clear.  Gill asserts in a conclusory manner that the ALJ's determination, which was based on the testimony of the VE, is "pure folly."  (ECF No. 13 at 15.)

The RFC determination sets out an individual's work-related abilities despite their limitations.  *See* 20 C.F.R. § 416.945(a).  A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner.  *See* 20 C.F.R.§ 416.927(d)(2).  The ALJ bears the responsibility for assessing a claimant's RFC, based on all of the relevant evidence.  *See* 20 C.F.R. § 416.946(c).  "Judicial review of the Commissioner's final administrative decision does not encompass re-weighing the evidence."  *Carter v. Comm'r of Soc. Sec.*, 2012 WL 1028105 at * 7 (W.D. Mich. Mar. 26, 2012) (*citing Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472 (6th Cir. 1982); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011); *Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 807 (6th Cir. 2008)).  After consideration of the entire record, the ALJ arrived at the following RFC:

> 4.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) lifting up to 20 lbs. occasionally and 10 lbs. frequently, standing and/or walking up to 6 hours and sitting for up to 6 hours in an eight hour workday, with normal breaks, except: She can occasionally climb ramps and stairs but never ladders ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl.  She is limited to occasional use of foot controls with the bilateral lower extremities.  She must avoid all exposure to hazardous machinery and unprotected heights.  She is limited to non-complex tasks, such as tasks which can be learned within 30 days.  She is limited to low stress tasks, such as tasks that do not require high production quotas, strict time requirements, work that is paid at a piece rate, or work that involves arbitration, negotiation, or confrontation.  She is limited to superficial interaction with co-workers and the public, such as interaction which is of a brief duration and for a specific purpose.

(Tr. 20.)

20

Gill's brief fails to challenge the accuracy of this RFC determination. She fails to identify any work-related limitations that the ALJ found credible, but were not incorporated into the RFC. Gill is correct that "[o]nce it is established, as it has been in this case, that a claimant cannot perform his past relevant work, the burden shifts to the Commissioner to establish that the claimant retains sufficient residual functional capacity to permit him to engage in other substantial gainful employment." *Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 799 (6th Cir. 2004) (*citing Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980)). This burden can be satisfied if there is "a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays the claimant's individual physical and mental impairments." *Workman*, 105 Fed. Appx. at 799.

The first hypothetical question posed to the VE mirrors the RFC finding. (Tr. 20, 79-81.) Again, Gill fails to identify any specific shortcoming in the hypothetical. Because the VE's answers were given in response to an unchallenged hypothetical question that accurately portrayed Gill's impairments, the ALJ could justifiably rely on the VE's conclusions. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 781 (6th Cir. 1987); *Marziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987). Gill's attorney had ample opportunity to, and did, cross-examine the VE at the hearing. (Tr. 82-85.) The ALJ observed the VE's testimony and determined that it reliably identified the types and availability of jobs Gill could perform. Therefore, there was substantial evidence to support the ALJ's finding that Gill was

able to perform the jobs of a custodian, office clerk, and dishwasher.  (Tr. 26, 81-82.)   These three jobs combined yielded 34,000 positions in Ohio.  *Id*.  Gill has not argued that this is an insufficient number of jobs.  Thus, the ALJ did not err in relying on the testimony of the VE, and Gill's final assignment of error is without merit.

### VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision is AFFIRMED.

IT IS SO ORDERED.

<u>/s/ Greg White</u>
U.S. Magistrate Judge

Date: December 15, 2015